Thomas L. **CICERO** and Marlene Cicero, his wife, Plaintiffs, Appellants,

v.

**BORG–WARNER AUTOMOTIVE, INC.,** a Delaware Corporation, and Borg–Warner Automotive Transmission Systems Corporation, a Delaware Corporation, Defendants, Appellees.

No. 01–2489.

United States Court of Appeals, Sixth Circuit.

Oct. 16, 2003.

Michael V. Kell, Margaret A. Lynch, Kell & Lynch, Birmingham, MI, for Plaintiffs–Appellants.

Thomas L. Fleury, Jonathon A. Rabin, Keller, Thoma, Detroit, MI, for Defendants–Appellees.

BEFORE: BOGGS, Chief Circuit Judge; KRUPANSKY and CLAY, Circuit Judges.

CLAY, Circuit Judge.

Plaintiffs appeal the district court's September 24, 2001 order awarding prevailing party costs of $10,140.05, plus interest, to Defendants, pursuant to Federal Rule of Civil Procedure 54(d). For the reasons set forth below we REVERSE the district court's order awarding costs to Defendants.

On November 23, 1999, the district court granted Defendants' motion for summary judgment in a written opinion. *See Cicero v. Borg–Warner Auto., Inc.,* 75 F.Supp.2d 695 (E.D.Mich.1999). The following month, Plaintiff Thomas Cicero appealed the grant of summary judgment. A panel of this Court heard argument on Plaintiff's appeal on September 19, 2001. On September 24, 2001, while final decision on Plaintiff's appeal was still pending, the district court awarded costs to Defendants as "prevailing parties" pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. *See Cicero v. Borg–Warner Automotive, Inc.,* 163 F.Supp.2d 743 (E.D.Mich.2001). On October 22, 2001. Plaintiff Marlene Cicero appealed the award of attorneys' fees. In January 2002, we reversed the district court's opinion awarding summary judgment to Defendants and remanded the case for trial. *See Cicero v. Borg–Warner Auto., Inc.,* 280 F.3d 579 (6th Cir.2002). In September 2002, prior to oral argument on the issue of awarding attorneys' fees, the parties stipulated to dismissal of the district court's award of attorneys' fees to Defendants. It is now so ordered.

Because Defendants are no longer prevailing parties based on our reversal of summary judgment, we now order that the district court's award of costs to Defendants as "prevailing parties" pursuant to Rule 54(d) of the Federal Rules of Civil Procedure be **REVERSED.**